**Vivian Marie KEMP,
Plaintiff-Appellant,**

v.

**Thomas Edward KEMP,
Defendant-Appellee.**

Court of Appeals of Tennessee,
Western Section at Nashville.

Oct. 8, 1986.

Permission to Appeal Denied by
Supreme Court Jan. 5, 1987.

Edward J. Gross, Nashville, for plaintiff-appellant.

Clyde Paul Holland, Doak & Holland, Nashville, for defendant-appellee.

HIGHERS, Judge.

This is a case alleging an intentional tort of assault and battery upon a spouse, where the facts underlying the domestic altercation were examined in a divorce action, and the divorce decree awarded damages to the wife for past and future medical expenses and lost wages arising from injuries incurred in the altercation. The trial court granted summary judgment for the husband on the bases of res judicata and collateral estoppel. We affirm.

The parties had been married approximately two and a half years, but separated on July 19, 1984, the time of the incident. The wife apparently entered the marital home when the husband was absent, and waited inside for his return. Upon his arrival, they entered into a heated dispute, and the husband struck the wife with his fist, shattering her nose. As she attempted to stop the bleeding, she alleged that the husband shoved a washcloth into her face, thus aggravating her injuries. The altercation ended when police arrived, and the husband subsequently pled guilty to criminal charges.

The wife filed a complaint for divorce in Davidson County Probate Court a week later, alleging cruel and inhuman conduct based upon the altercation. As part of the complaint, she requested damages for her medical bills and lost wages. A divorce decree was entered on October 4, 1984, and the decree ordered the husband to pay the wife's past and future medical bills arising out of her injury. The day after the decree was entered, the wife moved to amend to add lost wages, and the court ordered payment of wages lost "as a result of a physical attack on her" by the husband.

The wife, nearly six months later, filed a complaint in Circuit Court alleging the facts of the assault and battery, and requesting general compensatory and punitive damages. The tort suit was ordered dismissed on the bases of res judicata and collateral estoppel on November 22, 1985.

■ Our discussion necessarily begins with the landmark decision in *Davis v. Davis*, 657 S.W.2d 753, 759 (Tenn.1983), in which the Tennessee Supreme Court held that "interspousal immunity is totally abolished in this State." The parties do not dispute the applicability of *Davis*, which overruled the doctrine that family harmony is preserved by barring tort suits between spouses. The wife argues on appeal that *Davis* resulted in a "procedural nightmare" for Tennessee trial courts and lawyers in cases involving domestic violence, in that both tort law and domestic relations law could be involved in the same suit. We note that the wife raised the intentional tort in the divorce action, and prevailed upon damage claims for past and future medical expenses and lost wages, without apparent procedural difficulties. We cannot see prejudice to the wife from having these claims adjudicated in the divorce suit.

■ The wife next argues that the divorce court was without jurisdiction to award damages arising out of the intentional tort, and thus that an independent suit is necessary. We disagree. The Tennessee legislature specifically granted such authority in 1982:

> The Probate Court of Davidson County shall have concurrent jurisdiction with the Circuit and Criminal Courts of Davidson County on all matters.

Ch. 279 section 2 [1982] Tenn. Priv. Acts 177.

The husband's primary defenses to the later tort action are res judicata and collateral estoppel. The defenses were explained in *Scales v. Scales*, 564 S.W.2d 667, 670 (Tenn.App.1977) in that

> res judicata bars a second suit between the same parties and their privies on the same cause of action as to all issues which were or could have been litigated in the former suit, while collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues

which were actually litigated and determined in the former suit. [Citations omitted].

The Tennessee Supreme Court has held that principles of res judicata apply not only to issues actually raised and finally adjudicated in prior litigation, but to "all claims and issues which were relevant and which could reasonably have been litigated in a prior action." *American National Bank & Trust Co. of Chattanooga v. Clark*, 586 S.W.2d 825, 826 (Tenn.1979).

■ The trial court properly granted summary judgment for the defendant based upon these principles. Obviously, the parties are identical. The cause of action under which the plaintiff recovered medical expenses and lost wages in the divorce litigation technically was not the same—she sued for divorce—but, in effect, she prevailed on a tort claim. In any event, the wife is collaterally estopped from relitigating the same factual issues in a "different" cause of action, even if res judicata is not appropriate. Although the wife contends that the extent of her injuries was not and could not have been known at the time of the divorce action, we note that the divorce decree clearly provided that the husband should pay future medical expenses incurred by the wife arising out of the altercation. Her remedy is enforcement of the decree, rather than relitigation of the same fact issues.

The judgment of the trial court is affirmed, and costs of this appeal are taxed to the wife.

CRAWFORD and FARMER, JJ., concur.