# Joy Lee STUART, Plaintiff-Appellant,

## v.

# Ronald T. STUART,† Defendant-Respondent.

### Court of Appeals

*No. 86–1473. Orally argued April 21, 1987.—Decided June 16, 1987.*

(Also reported in 410 N.W.2d 632.)

† Petition to review granted.

For the plaintiff-appellant, there were briefs submitted by *Michael J. Kirschling* and *Lila M. Hambleton* and oral argument by *Lila M. Hambleton* of *Doar, Drill & Skow, S.C.* of New Richmond.

For the defendant-respondent, there were briefs and oral argument by *Scott W. Clark* of *Clark & Clark* of Ashland.

For the Wisconsin Academy of Trial Lawyers, there was a brief amicus curiae submitted by *James P. Gerlach* of *LaRowe, Gerlach, Chiquoine & Kahler, S.C.* of Reedsburg.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Joy Stuart appeals a judgment dismissing her tort action against her former husband, Ronald Stuart, and awarding him attorney's fees and costs pursuant to the frivolous action statute, sec. 814.025, Stats. She argues that the trial court erroneously concluded that her tort action was barred under the doctrines of res judicata, equitable estoppel, and waiver. She also argues that the trial court erroneous-

ly concluded that her action was frivolous. We agree and reverse the judgment.

The facts are undisputed. On November 14, 1984, Ronald and Joy Stuart were divorced. The divorce and the division of the marital estate were based upon a stipulation that there had been a full disclosure of all assets, debts, and other ramifications of the marriage. The parties agreed to waive maintenance.

During the divorce proceedings, no mention was made of Joy Stuart's potential claims against her husband for assault, battery, and intentional infliction of mental distress arising from alleged incidents that occurred during the marriage. Less than three months following the judgment of divorce, she filed a tort action against Ronald Stuart based upon these claims. In response, he moved for summary judgment arguing that the tort action was barred under the doctrines of res judicata, equitable estoppel, and waiver.

The trial court granted summary judgment and dismissed the tort action. The court concluded that in the divorce proceedings, Joy Stuart had been aware of those same allegations, circumstances, and damages upon which she based her tort action and that, therefore, the action was barred under the doctrines of res judicata, equitable estoppel, and waiver. The court also concluded that it was "absolutely unconscionable" that she would negotiate all aspects of a stipulated divorce and advise the court that it was based upon full disclosure when she knew a civil lawsuit would be filed immediately after the divorce was granted. The court considered such a procedure to be an abuse of the judicial system.

In Ronald Stuart's answer to the tort complaint, he asserted that the action was brought in bad faith and solely for the purposes of harrassment and

malicious injury. The trial court agreed, concluded that the action was frivolous, and awarded him over $10,000 for his legal expenses pursuant to sec. 814.025.

The decision in this case turns on whether the trial court properly granted summary judgment and dismissed Joy Stuart's tort action based upon the doctrines of res judicata, equitable estoppel, and waiver. On review of a summary judgment, we apply the same methodology as the trial court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Summary judgment is appropriate if there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. *Id.;* sec. 802.08(2), Stats. Here, because the facts are undisputed, we need only determine whether Ronald Stuart was entitled to judgment as a matter of law. Whether the doctrine of res judicata bars an action, or whether the facts proven are sufficient to constitute equitable estoppel are questions of law. *See DePratt v. West Bend Mut. Ins. Co.,* 113 Wis. 2d 306, 310, 334 N.W.2d 883, 885 (1983); *Empire Gen. Life Ins. v. Silverman,* 127 Wis. 2d 270, 282, 379 N.W.2d 853, 859 (1985). We review questions of law without deference to the trial court's determinations. *DePratt,* 113 Wis. 2d at 310, 334 N.W.2d at 885.

The trial court concluded that based upon the prior divorce proceedings, Joy Stuart's tort action was barred pursuant to the doctrine of res judicata. The court ostensibly reasoned that there was an identity of causes of action or claims in the two actions because in the divorce proceedings Joy Stuart was aware of her tort claim and could have raised that claim.

459

■■■

Under the doctrine of res judicata, a final judgment on the merits in a prior action is conclusive and bars all subsequent actions between the same parties, or their privies as to all matters that were or that might have been litigated in the prior action. *DePratt,* 113 Wis. 2d at 310–11, 334 N.W.2d at 885–86. For res judicata to act as a bar to a subsequent action, there must be not only an identity of the parties but also an identity of the causes of action or claims in the two actions. *Id.*

In the Stuarts' divorce proceedings, the issues litigated were the termination of the marriage and the equitable division of the marital estate. Under Wisconsin's no-fault divorce code, these determinations are made by the court without regard to the fault of the parties. *Dixon v. Dixon,* 107 Wis. 2d 492, 500–01, 319 N.W.2d 846, 850–51 (1982); ch. 767, Stats. Consequently, in making the financial allocation between the parties, the court could not consider one spouse's tortious conduct or, based upon that conduct, award the injured spouse punitive damages or compensatory damages for past pain, suffering, and emotional distress. *See Dixon,* 107 Wis. 2d at 500–01, 319 N.W.2d at 850–51.

In contrast, tort actions based on assault, battery, or intentional infliction of emotional distress rest on an allegation of wrongful conduct. *See* Wis J I—Civil 2004 (1972), 2005 (1977), 2725 (1981). The parties to such actions are entitled to have these matters heard by a jury. Wis. Const. art. I, sec. 5; sec. 805.01, Stats. In such actions, the jury may determine fault and award punitive damages, as well as compensatory damages for past pain, suffering, and emotional distress. *See*

Wis J I—Civil 1707 (1986), 1708 (1983), 1750–1755 (1983).

■

In light of the conflicting proofs between a no fault divorce and an intentional tort action, the claims that were, or might have been, determined in the prior divorce proceedings are distinct from those that are raised in Joy Stuart's tort action. Accordingly, in the two actions, there is not an identity of causes of action or claims. *See Desotelle v. Continental Casualty Co.,* 136 Wis. 2d 13, 21, 400 N.W.2d 524, 527 (Ct. App. 1986).

Additionally, requiring joinder does not fulfill the objectives of the res judicata doctrine. Res judicata seeks judicial economy and the conservation of those resources parties would expend in repeated and needless litigation of issues that were, or that might have been, resolved in a single prior action. *See DePratt,* 113 Wis. 2d at 310, 334 N.W.2d at 885. In a divorce action, the court alone makes all necessary determinations such as property division and maintenance without regard to fault. Sections 767.255 and 767.12(2), Stats. In a tort action, however, a jury may determine issues such as alleged wrongful conduct and fault and award damages based upon those determinations. Accordingly, divorce and tort actions do not easily fit within the framework of a single trial and the objectives of res judicata cannot be attained. *See Windauer v. O'Connor,* 485 P.2d 1157, 1158 (Ariz. 1971).

In applying the doctrine of res judicata, the essential principle is fairness. *Desotelle,* 136 Wis. 2d at 21, 400 N.W.2d at 527. The doctrine must "never be applied in such a fashion as to deprive a party of the opportunity to have a full and fair determination of an

issue." *Id.* Here, applying the res judicata doctrine would violate the principle of fairness. In the divorce action the court was restricted in regard to the matters it could consider, and consequently, that forum did not provide an opportunity for a full and fair determination of Joy Stuart's tort claim.

In sum, the divorce and tort actions lack an identity of causes of action or claims. Applying the res judicata doctrine to bar the tort action fails to achieve the doctrine's objectives and would be fundamentally unfair. Therefore, we conclude that the doctrine of res judicata cannot act as a bar to Joy Stuart's tort action.

The trial court also concluded that the tort action was barred pursuant to the doctrine of equitable estoppel. The court ostensibly reasoned that Joy Stuart's failure to disclose the potential tort claim during the divorce proceedings was equivalent to a representation that no such claim existed and that, in agreeing to the divorce stipulation, her former husband relied upon that representation to his detriment.

The defense of equitable estoppel consists of action or nonaction by the party against whom estoppel is asserted that induces reliance thereon by the party asserting estoppel, either in action or nonaction, which is to that party's detriment. *Empire Gen. Life,* 127 Wis. 2d at 282, 379 N.W.2d at 859. For equitable estoppel to apply, the reliance on the action or nonaction of another must be reasonable. *Id.*

Failing to disclose a potential tort claim cannot be interpreted as a representation that no such claim exists. More importantly, in achieving the divorce stipulation and the division of the marital estate, there is no evidence that Ronald Stuart relied to his

462

detriment upon any such representation. The stipulation and the equitable division of the marital estate were achieved according to the dictates of state law. *See* sec. 767.255, Stats. Accordingly, in the absence of a representation that a tort claim did not exist and a showing of Ronald Stuart's detrimental reliance upon such a representation, the doctrine of equitable estoppel cannot act as a bar to the tort action.

In reaching our conclusions, we do not hold that the doctrines of res judicata and equitable estoppel would be inapplicable under all similar procedural facts. If, in a divorce action, a spouse pursued maintenance for a disability caused by the other spouse's tortious conduct, those same damages may be precluded in any subsequent tort action. Here, however, maintenance was waived and the property division represents only that required by law. Joy Stuart neither claimed nor received an additional property award as compensation for her alleged injury.

The trial court also relied upon the doctrine of waiver in dismissing the tort action. The court ostensibly reasoned that Joy Stuart's decision not to raise the tort claim in the divorce proceedings constituted a waiver of her right to commence a subsequent action and seek damages based upon that claim.

Waiver is a voluntary and intentional relinquishment of a known right. *Mulvaney v. Tri State Truck & Auto Body, Inc.,* 70 Wis. 2d 760, 768, 235 N.W.2d 460, 465 (1975). Intent to waive is an essential element of the doctrine. *Id.*

Although in the divorce proceedings Joy Stuart may have been aware of her right to claim damages as a result of her former husband's alleged tortious

conduct, merely proceeding in that forum cannot be regarded as a voluntary relinquishment of that right. The record is devoid of any evidence that Joy Stuart intended to waive her right to proceed on the tort claim by entering into the divorce stipulation. Moreover, the law will not force one party to a marriage to choose between commencing an action to terminate a marriage or one to recover compensation for injuries sustained as a result of spousal abuse. The two actions are not exclusive, and proceeding in one forum does not constitute a waiver of the right to proceed in the other.

We recognize that the divorce code requires each marital partner to disclose all known assets. Section 767.27(1), Stats. Failing to disclose a known asset is a serious matter, and the code provides appropriate remedies. Section 767.27(5), Stats.; *see also Kastelic v. Kastelic,* 119 Wis. 2d 280, 287, 350 N.W.2d 714, 718 (Ct. App. 1984). Joy Stuart's tort claim was an asset requiring disclosure because it represented a possible award of monetary damages based upon alleged incidents that occurred during the marriage. *See Mack v. Mack,* 108 Wis. 2d 604, 608–09, 323 N.W.2d 153, 154–55 (Ct. App. 1982). Her failure to disclose this asset, however, did not prejudice her former husband. Any damages Ronald Stuart would be obligated to pay as a result of the alleged tort are to be satisfied from his individual property or from his interest in the marital property. *See* sec. 766.55(2)(cm), Stats.

The trial court's principal reason for dismissing the tort action is perhaps best found in its statement that commencing such an action following a stipulated divorce was "absolutely unconscionable" and constituted an abuse of the judicial system. Clearly, this statement reflects the court's belief that public policy

should preclude a party from first obtaining determinations as to the division of the marital estate, maintenance, support, and alimony, and then, by commencing a subsequent tort action, assert a claim against a former spouse's share of the marital estate.

Wisconsin has long recognized both the right of one spouse to maintain a tort action against another and the right to recover damages for injuries sustained as a result of spousal abuse. *See Zelinger v. State Sand & Gravel Co.,* 38 Wis. 2d 98, 112, 156 N.W.2d 466, 472 (1968); *Wait v. Pierce,* 191 Wis. 202, 213–14, 209 N.W. 475, 479 (1926). The existence of such a claim, however, is not a basis upon which a divorce court may depart from the statutory directive regarding the division of the marital estate. *See Dixon,* 107 Wis. 2d at 500–01, 319 N.W.2d at 850–51; *see also* sec. 766.55(2)(cm), Stats. As noted, under Wisconsin's no fault divorce code, a court may grant maintenance payments for a disability arising from spousal abuse. A divorce court cannot, however, consider one spouse's intentional tortious conduct or, based upon that conduct, award punitive or compensatory damages for past suffering to the injured spouse. In light of a party's right to maintain a tort action against a spouse and the inadequacies of the divorce forum to fully address such a claim, we conclude that it would be contrary to public policy to require a party to join a tort claim in a divorce action.

Indeed, public policy mandates that a party be permitted to commence a tort action subsequent to a divorce judgment. If a legal claim, such as tort, is required to be joined with an equitable claim, such as divorce, a party has a right to a jury trial on the legal claim. *Mortgage Assocs., Inc. v. Monona Shores, Inc.,*

47 Wis. 2d 171, 177, 177 N.W.2d 340, 345–46 (1970). If, however, a party voluntarily joins such claims, the right to a jury trial on the legal claim is lost. *Tri-State Home Imp. Co. v. Mansavage,* 77 Wis. 2d 648, 660, 253 N.W.2d 474, 479 (1977); *Mortgage Assocs.,* 47 Wis. 2d at 177, 177 N.W.2d at 345–46. Wisconsin does not require mandatory joinder of claims or compulsory counterclaims. Section 803.02, Stats. Thus, if an abused spouse chooses not to commence a tort action against his or her marital partner prior to divorce, the spouse must be permitted to maintain a tort action subsequent to divorce to preserve the right to a jury trial.

If an abused spouse cannot commence a tort action subsequent to a divorce, the spouse will be forced to elect between three equally unacceptable alternatives: (1) Commence a tort action during the marriage and possibly endure additional abuse; (2) join a tort claim in a divorce action and waive the right to a jury trial on the tort claim; or (3) commence an action to terminate the marriage, forego the tort claim, and surrender the right to recover damages arising from spousal abuse. To enforce such an election would require an abused spouse to surrender both the constitutional right to a jury trial and valuable property rights to preserve his or her well-being. This the law will not do.

Although joinder is permissible, the administration of justice is better served by keeping tort and divorce actions separate. *See Lord v. Shaw,* 665 P.2d 1288, 1291 (Utah 1983). Divorce actions will become unduly complicated if tort claims must be litigated in the same action. A divorce action is equitable in nature and involves a trial to the court. On the other hand, a trial of a tort claim is one at law and may

involve, as in this case, a request for a jury trial. Resolution of tort claims may necessarily involve numerous witnesses and other parties such as joint tortfeasors and insurance carriers whose interests are at stake. Consequently, requiring joinder of tort claims in a divorce action could unduly lengthen the period of time before a spouse could obtain a divorce and result in such adverse consequences as delayed child custody and support determinations. The legislature did not intend such a result in enacting the divorce code. *See* sec. 767.12(1), Stats.

In summary, we conclude that the trial court erred by concluding that Joy Stuart's tort action was barred pursuant to the doctrines of res judicata, equitable estoppel, and waiver. Because we reach this conclusion, we also conclude that the action has a reasonable basis in law. Accordingly, the trial court also erred by concluding that the action was frivolous and awarding costs pursuant to sec. 814.025. *See Robertson-Ryan & Assocs. v. Pohlhammer,* 112 Wis. 2d 583, 589–90, 334 N.W.3d 246, 250 (1983).

*By the Court.*—Judgment reversed.