Joy Lee STUART, Plaintiff-Appellant,

v.

Ronald T. STUART, Defendant-Respondent-Petitioner.

Supreme Court

*No. 86–1473. Argued February 2, 1988.—Decided April 6, 1988.*

(Also reported in 421 N.W.2d 505.)

For the defendant-respondent-petitioner there were briefs by *Scott W. Clark* and *Clark & Clark,* Ashland, and oral argument by *Scott W. Clark.*

For the plaintiff-appellant there was a brief by *Lila M. Hambleton* and *Doar, Drill & Skow, S.C.,* Baldwin, and oral argument by *Lila M. Hambleton.*

There was an amicus curiae brief by *James P. Gerlach* and *The Wisconsin Academy of Trial Lawyers.*

SHIRLEY S. ABRAHAMSON, J. This is an appeal of a published decision of the court of appeals, *Stuart v. Stuart,* 140 Wis. 2d 455, 410 N.W.2d 632 (1987), reversing the judgment of the circuit court for Sawyer county, Alvin Kelsey, circuit court judge. The circuit court entered judgment dismissing Joy Stuart's lawsuit against Ronald Stuart for intentional torts (assault, battery and intentional infliction of mental distress) allegedly committed during the Stuart marriage. We affirm the decision of the court of appeals allowing the wife to proceed with her tort action.

The issue in this case is whether the divorce judgment bars the wife's tort action. The facts are not disputed. Before the divorce judgment was entered the wife and her divorce attorney did not disclose to the husband, his divorce attorney or the circuit court that she intended to sue him for intentional torts allegedly committed during the marriage. During the divorce proceedings the wife had discussed with her divorce attorney the possibility of bringing a tort action against the husband. In negotiating maintenance, the wife's divorce attorney had discussed with the husband's divorce attorney the wife's health problems stemming from the alleged battery. Prior to the court approval of the stipulation, which divided the property and provided for no maintenance allowance, the

wife's attorney represented in open court that there had been full disclosure "of all assets, debts and other ramifications of the marriage." The wife stated to the circuit court that she "wanted a full settlement from Mr. Stuart."

The circuit court is not to consider marital misconduct in granting a divorce or in determining property division or maintenance. See secs. 767.07, 767.12(2), 767.255 and 767.26, Stats. 1985–86, *Dixon v. Dixon,* 107 Wis. 2d 492, 501, 505, 319 N.W.2d 846 (1982). The circuit court does, however, consider any health problem of either party, whatever its source, in dividing the property or awarding maintenance. Secs. 767.255(4), 767.26(2). In this case, the circuit court expressly stated that it had considered the physical and emotional health of the parties before approving the stipulation.

Three months after the divorce, the wife brought this tort action against the husband. The husband moved for summary judgment, and the parties agreed to the circuit court's deciding the summary judgment motion on the file, which includes pleadings, transcripts of the divorce proceeding, depositions, briefs, affidavits, and memoranda-correspondence.

The circuit court concluded that the wife's tort action was barred by the doctrines of res judicata, equitable estoppel and waiver, dismissed the wife's tort action as frivolous, and awarded the husband costs and attorney fees under sec. 814.025, Stats. 1985–86. The circuit court stated that "it seems absolutely unconscionable that a party could negotiate all aspects of a stipulated divorce and advise the court in open court that all aspects based on full disclosure and negotiations as to property, health and

waiver of maintenance, et al. have been considered, knowing at that time that as soon as the divorce is granted a civil lawsuit such as this is going to be filed. This type of procedure is an abuse of the judicial system."

After reviewing the record in this case, the court of appeals determined that the husband was not entitled to judgment which dismissed the action as a matter of law.

■

The court of appeals ruled that the doctrine of res judicata does not bar the tort action, because the divorce and tort actions lack an identity of causes of action or claims.

■

The court of appeals further held that the doctrine of equitable estoppel does not bar the tort action, because the wife's failure to disclose the tort claim during the divorce proceedings cannot be interpreted as a representation that no tort claim exists, nor was there evidence that the husband relied to his detriment upon any such representation.[1]

■

Finally, the court of appeals found no evidence that the wife's proceeding with a divorce action constituted a voluntary and intentional relinquishment of a known right to proceed with a tort action. Accordingly the court of appeals held that on this record the wife did not waive her right to bring the tort action.

---

[1]The court of appeals expressly recognized that its conclusions that the doctrines of res judicata and equitable estoppel do not bar the wife's tort action in this case are not necessarily applicable in other fact situations. 140 Wis. 2d at 463.

We agree with the court of appeals' discussion of the legal principles underlying res judicata, equitable estoppel and waiver and the court of appeals' application of the legal principles to the undisputed facts of the case. We do not repeat the court of appeals' discussion here and adopt it as a correct statement of the law. 140 Wis. 2d at 460–64.

The court of appeals then discussed whether public policy requires the wife to join her tort action in the divorce action. The court of appeals aptly stated the factors to be considered in deciding this question and correctly concluded that although joinder of an interspousal tort action and a divorce action is permissible, it is contrary to public policy to require such a joinder. We agree with the following analysis presented by the court of appeals:

> "If an abused spouse cannot commence a tort action subsequent to a divorce, the spouse will be forced to elect between three equally unacceptable alternatives: (1) Commence a tort action during the marriage and possibly endure additional abuse; (2) join a tort claim in a divorce action and waive the right to a jury trial on the tort claim; or (3) commence an action to terminate the marriage, forego the tort claim, and surrender the right to recover damages arising from spousal abuse. To enforce such an election would require an abused spouse to surrender both the constitutional right to a jury trial and valuable property rights to preserve his or her well-being. This the law will not do.
>
> "Although joinder is permissible, the administration of justice is better served by keeping tort and divorce actions separate .... Divorce actions will become unduly complicated if tort claims must

be litigated in the same action. A divorce action is equitable in nature and involves a trial to the court. On the other hand, a trial of a tort claim is one at law and may involve, as in this case, a request for a jury trial. Resolution of tort claims may necessarily involve numerous witnesses and other parties such as joint tortfeasors and insurance carriers whose interests are at stake. Consequently, requiring joinder of tort claims in a divorce action could unduly lengthen the period of time before a spouse could obtain a divorce and result in such adverse consequences as delayed child custody and support determinations. The legislature did not intend such a result in enacting the divorce code. *See* sec. 767.12(1), Stats." 140 Wis. 2d at 466–67.[2]

We address the final two issues considered by the court of appeals but not briefed by the parties. The court of appeals concluded that the wife's "tort claim

---

[2]At least two courts have concluded that tort actions between married persons should not be litigated in a divorce proceeding. *Lord v. Shaw,* 665 P.2d 1288, 1291 (Utah 1983); *Windauer v. O'Connor,* 107 Ariz. 267, 485 P.2d 1157, 1158 (1971). Compare *Tevis v. Tevis,* 79 N.J. 422, 400 A.2d 1189, 1196 (1979) (wife should have brought intentional tort suit against husband in conjunction with divorce; potential for money damages was relevant factor in divorce proceedings); *Brown v. Brown,* 208 N.J. Super. 372, 506 A. 2d 29 (1986) (party should advise court of constituent tort claim arising during pendency of divorce or risk having the claim barred); *Kemp v. Kemp,* 723 S.W.2d 138, 140 (Tenn. Ct. App. 1986) (divorce court awarded damages for personal injury at date of divorce; independent tort action barred); *McNevin v. McNevin,* 447 N.E.2d 611, 616–18 (Ind. App. 1983) (unliquidated tort claim not marital property susceptible to division at time of divorce so tort action not barred); *Jackson v. Hall,* 460 So. 2d 1290, 1292 (Ala. 1984) (divorce stipulation was final settlement of all claims including tort claim).

was an asset requiring disclosure because it represented a possible award of monetary damages based upon alleged incidents that occurred during the marriage." 140 Wis. 2d at 464. See sec. 767.27(1).[3] The court of appeals further concluded, "Any damages [the husband] would be obligated to pay as a result of the alleged tort are to be satisfied from his individual property or from his interest in the marital property. *See* sec. 766.55(2)(cm), Stats." 140 Wis. 2d at 464.

We refrain from deciding these issues and disavow the court of appeals' discussion of them. These issues are best decided when they are essential to the disposition of a case and when the parties have briefed them.

Sec. 767.27(1) requires the parties to disclose information to each other and the court for purposes

---

[3]Sec. 767.27(1) provides as follows:

"**767.27 Disclosure of assets required. (1)** In any action affecting the family, except an action to affirm marriage under s. 767.02(1)(a), the court shall require each party to furnish, on such standard forms as the court may require, full disclosure of all assets owned in full or in part by either party separately or by the parties jointly. Such disclosure may be made by each party individually or by the parties jointly. Assets required to be disclosed shall include, but shall not be limited to, real estate, savings accounts, stocks and bonds, mortgages and notes, life insurance, interest in a partnership or corporation, tangible personal property, income from employment, future interests whether vested or nonvested, and any other financial interest or source. The court shall also require each party to furnish, on the same standard form, information pertaining to all debts and liabilities of the parties. The form used shall contain a statement in conspicuous print that complete disclosure of assets and debts is required by law and deliberate failure to provide complete disclosure constitutes perjury. The court may on its own initiative and shall at the request of either party require the parties to furnish copies of all state and federal income tax returns filed by them for the past 2 years, and may require copies of such returns for prior years."

of property division and maintenance. This court has not decided whether a cause of action for intentional torts against a spouse is "an asset owned in full or in part by either party separately or by the parties jointly," or a debt or liability which must be disclosed under sec. 767.27(1). We recognized in *Richardson v. Richardson,* 139 Wis. 2d 778, 784 n. 3, 407 N.W.2d 231 (1987), that personal injury claims raise numerous questions in divorce proceedings. We further noted that courts in other jurisdictions disagree whether an unliquidated personal injury claim of medical malpractice is so speculative that it cannot be considered as property under the property division statute. Similarly a court may conclude that an unliquidated personal injury claim by one spouse against the other is so speculative as not to constitute an asset or liability that need be disclosed in divorce. *Cf. McNevin v. McNevin,* 447 N.E.2d 611 (Ind. App. 1983).

We need not determine in this case whether the unliquidated interspousal tort claim is an asset or a liability. The issue has no bearing on this case. We have already determined that failure to disclose the tort claim in this case—whether or not the statute requires disclosure—did not bar the wife's tort action on the grounds of res judicata, equitable estoppel, or waiver. Moreover, under the Wisconsin statutes a party who fails to disclose an asset does not forfeit the asset, as the husband would have us hold in this case. Sec. 767.27(1) provides that "deliberate failure to provide complete disclosure constitutes perjury." Sec. 767.27(5) provides that "if any party deliberately or negligently fails to disclose information required under [sec. 767.27(1)]," the aggrieved party may petition the court to declare a constructive trust as to the undisclosed assets. If the husband should request a

court to grant relief for the wife's failure to disclose this tort claim as an asset, the court would have to decide the issue of disclosure in that proceeding.

The other issue that the court of appeals discusses without benefit of briefs—and that the court of appeals need not have reached—is which of the husband's assets may be used to satisfy the judgment, should the wife prevail in her tort action. The court of appeals refers to sec. 766.55(2)(cm), which states that an obligation incurred by a spouse during marriage resulting from a tort committed by the spouse during marriage may be satisfied from that spouse's individual property or interest in marital property. It is not entirely clear what the court of appeals had in mind or whether sec. 766.55(2)(cm) is applicable if the wife should prevail in her tort action. *See* Wisconsin Bar Lawyers' Marital Property Forum, vol. 5, no. 1 (Feb. 1988), pp. 5–7. The question of which of the husband's resources are available for payment of a judgment should the wife prevail in her tort action is not before us, and we do not decide it.

■

For the foregoing reasons, we affirm the decision of the court of appeals that reverses the judgment of the circuit court and remands the case to the circuit court for further proceedings. Because we reach this conclusion we also conclude, as did the court of appeals, that the wife's tort action has a reasonable basis in the law and that the circuit court erred in concluding that the action was frivolous and in awarding costs and attorney fees pursuant to sec. 814.025, Stats. 1985–86.

*By the Court.*—The decision of the court of appeals is affirmed.

STEINMETZ, J. (concurring). I agree with the majority opinion; however, I write separately to suggest that attorneys representing parties in a divorce action should make sure everything is out on the table if a settlement is being discussed. If the funds are to come from a third source, such as an insurance company, there could be no influence on a settlement of property or maintenance. We have already discussed the division of proceeds from a tort judgment as between the spouses in *Marriage of Richardson v. Richardson,* 139 Wis. 2d 778, 407 N.W.2d 231 (1987). However, if the funds are to come directly from one spouse, as would occur in an intentional tort action brought by one spouse against the other, this is best discussed at the time of the settlement, because it may affect asset distribution to some degree.

If at all possible, the parties in a divorce should best be able to terminate their relationships. They will have enough problems with the care, custody and support of children without having wounds reopened after the marriage is terminated regarding prior existing claims.