# NO. 12-17-00295-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *REGINA SUTTON CHENNAULT, APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *MICHAEL DOUGLAS CHENNAULT, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Regina Sutton Chennault appeals from a summary judgment rendered in favor of Michael Douglas Chennault in her suit for civil assault and battery. In three issues, Regina contends that the trial court erred in admitting certain evidence and granting summary judgment for Douglas. We affirm.

## BACKGROUND

On November 5, 2014, Regina filed for a divorce from Douglas in Anchorage, Alaska. She alleged that, after their separation, he committed an assault and battery against her, causing her severe injuries. In 2016, the Alaska trial court, following a three-day trial, awarded custody of the couple's two children to Regina and divided the couple's marital property. The trial court entered findings of fact and conclusions of law to support its judgment. The trial court made the following finding of fact number seventy-one:

> 71. The parties have a large difference of opinion as to the amount of unpaid marital medical bills incurred by Regina for her orthopedic and other treatment. Regina claims that the amount of these bills totals $204,809.29. Douglas claims that the amount of these bills totals $52,370.73. The court concludes that Douglas's summary of the outstanding medical bills is more accurate than Regina's summary. The court accepts Douglas's summary with a total for Regina's unpaid marital medical expenses at $52,370.73. Regina is solely responsible for her medical expenses not included on Douglas's summary. The court accepts Douglas's explanations as the

reasons that Regina's charges are not accurately characterized as marital expenses. Some of the disallowed expenses were written off by the providers and other expenses were not adequately documented. However, most of the questionable expenses were post-separation medical expenses that Regina claims are marital because she says that they were caused by Douglas's domestic violence at or about the time of separation. In other words, Regina claims that Douglas injured her spine through his domestic violence and that, as a result, he should pay her extensive post-separation medical expenses including all of the spinal surgery costs for the surgeries in November 2015 and February 2016. The problem with Regina's claim is that it is not credible. There is not one shred of documentation to support the claim that Douglas injured Regina's spine during an act of domestic violence. Regina presented no expert testimony to support her claim. All that she has presented is her own testimony that Douglas credibly disputes. Dr. Glass and Ms. Still asked for documentation of Regina's claims. While Regina said that she would produce evidence to support her claim, she never did. Just like Dr. Glass, this court concludes that Regina's claims are not credible. The court declines to include any of Regina's post-separation medical expenses as marital expenses or to make Douglas responsible for those expenses.[1]

Based upon its ninety-nine findings of fact and twenty-two conclusions of law, the trial court rendered a judgment granting the divorce, determining custody of the children, and dividing the marital estate. Following the divorce, Douglas moved to Tyler, Smith County, Texas. In November 2016, Regina filed a civil suit for assault and battery in Smith County district court. Douglas filed an answer to the suit, asserting the affirmative defenses of res judicata and collateral estoppel. He then filed a traditional motion for summary judgment based on these two affirmative defenses. The trial court granted the summary judgment without specifying which ground it was relying upon. Regina timely filed this appeal.

### SUMMARY JUDGMENT EVIDENCE

In her third issue, Regina contends that the trial court erred in failing to sustain her objection to the affidavit of Roberta C. Erwin. The affidavit was included as part of Douglas's summary judgment evidence in the Smith County, Texas proceeding. In her objection, Regina argued that the affidavit is conclusory, contains hearsay, and violates the best evidence rule and a disciplinary rule of professional conduct for attorneys.

Erwin was the attorney of record for Douglas in the divorce proceedings in Alaska. This included her representation of Douglas during the trial on custody and property issues held from May 24-26, 2016. In her affidavit, Erwin stated that she heard the testimony from both Regina

---

[1] The trial court appointed Dr. Melinda Glass to conduct a psychological assessment of the parties and Elizabeth Still to conduct a custody investigation. Both Dr. Glass and Ms. Still provided detailed reports to the court.

and Douglas during the trial and was familiar with the court's findings of fact and conclusions of law. Erwin included the following three paragraphs:

> 10. I have read Ms. Chennault's petition filed in the instant lawsuit in the 114[th] Judicial District Court of Smith County, Texas. In an attempt to characterize her post-separation medical expenses as marital debt, Ms. Chennault made the same assault allegations in the Divorce Proceeding.
>
> 11. The Court in the Divorce Proceeding heard evidence on the assault claims from Ms. Chennault and Mr. Chennault. After hearing the evidence, the Court rejected the marital assault claims and found Ms. Chennault to be not credible.
>
> 12. The judgment of the Court in the Divorce Proceeding is a final judgment under the laws of the State of Alaska. Ms. Chennault argued to the court that her post-separation medical bills were a result of the alleged assault by Mr. Chennault. The Court found that she had provided no evidence of a causal connection between the alleged assault and the damages claimed. In addition, the Court found that Ms. Chennault was not credible as to her allegations. The Court found that neither Mr. Chennault nor the marital estate was responsible for Ms. Chennault's post separation medical bills. The post-separation medical bills are the same medical expenses that she seeks to recover in the instant lawsuit.

## Standard of Review

We review a trial court's decision to admit or exclude summary judgment evidence under an abuse of discretion standard. *Bagwell v. Ridge at Alta Vista Invs. I, LLC*, 440 S.W.3d 287, 296 (Tex. App.—Dallas 2014, pet. denied). An abuse of discretion exists only when the court's decision is made without reference to any guiding rules and principles or is arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We must uphold the trial court's ruling if the record shows any legitimate basis supporting that ruling. *Bagwell*, 440 S.W.3d at 296.

## Conclusory Statements

Regina contends that, as an attorney, Erwin was an expert witness. Regina asserts that Erwin failed to provide facts to support her opinions, the affidavit is therefore conclusory, and it cannot support summary judgment. We disagree. An expert's testimony is conclusory if the witness simply states a conclusion without an explanation or factual substantiation. *Bustamante v. Ponte*, 529 S.W.3d 447, 462 (Tex. 2017). The expert must explain the basis of the statements to link the conclusions to the facts. *Id*.

In paragraph ten, Erwin specifically stated that she read Regina's petition filed in the Smith County lawsuit. She also stated that she represented Douglas throughout the divorce proceedings in Alaska, including being present for the three-day trial, and was familiar with all

3

of the proceedings there. In paragraph ten, she specifically linked her conclusions to the facts. *See id*.

Likewise, in both paragraphs eleven and twelve Erwin linked the evidence which she observed in the Alaska proceedings to the conclusions that she made in her affidavit. Paragraphs ten, eleven, and twelve of her affidavit were not conclusory and could be probative evidence considered by the Smith County trial court in the summary judgment proceedings. *Id*.

## Hearsay

Asserting that Erwin failed to demonstrate her personal knowledge underlying the affidavit, Regina contends that paragraphs ten, eleven, and twelve contain hearsay, and therefore the affidavit is not probative evidence. Again, we disagree. For a summary judgment affidavit to have probative value, the affiant must swear the facts in the affidavit reflect her personal knowledge. *Hydroscience Techs., Inc. v. Hydroscience, Inc*., 401 S.W.3d 783, 791 (Tex. App.—Dallas 2013, pet. denied). An affiant's job responsibilities can qualify her to have personal knowledge of facts and establish how she learned of the facts. *Id*.

Here, Erwin testified that she was the attorney who represented Douglas throughout the divorce proceedings. This established that she learned of the facts to which she testified in her position as his attorney. Due to this personal knowledge, obtained through her responsibilities as Douglas's attorney, her affidavit is probative evidence. *Id*.

## Best Evidence

Regina next contends that these three paragraphs of Erwin's affidavit violate the best evidence rule. She argues that the findings of fact themselves were the best evidence and that these three paragraphs should not have been part of Douglas's summary judgment evidence. The best evidence rule provides that to prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required. *See* TEX. R. EVID. 1002. The rule does not apply unless a party is seeking to prove the contents of a document. *Desoto Wildwood Dev., Inc. v. City of Lewisville*, 184 S.W.3d 814, 828 (Tex. App.—Fort Worth 2006, no pet.) (op. on reh'g). Erwin's affidavit referred to the findings but she was not attempting to prove their content. Therefore, the best evidence rule is not applicable to Erwin's affidavit. *Id*. Further, the findings of fact were also submitted as summary judgment evidence and were unobjected to by Regina.

4

**Texas Disciplinary Rule of Professional Conduct 3.08**

Regina further complains of Erwin's affidavit by contending that Erwin cannot be both a witness and an attorney in the same case. Regina relies on Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct which specifies the situations in which an attorney may be a witness in a proceeding in which he is an advocate. TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013) (TEX. STATE BAR R. art. X, § 9). The rule is grounded on the belief that the fact finder may become confused when one person acts as both advocate and witness. *Anderson Producing, Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 422 (Tex. 1996). The rule does not prohibit attorneys from assisting in pretrial matters. *Id*. at 423. Further, a witness's occupation as an attorney does not ipso facto transform her into trial counsel. *Id*. Erwin is licensed to practice law only in the State of Alaska. She is a witness only in the legal proceeding in Texas. Therefore, Regina has failed to show how Erwin participated in dual roles as both attorney and witness in Texas so as to invoke Texas Disciplinary Rule of Professional Conduct 3.08. *Id*. The trial court did not abuse its discretion by denying Regina's objection to Erwin's affidavit. *See Bagwell*, 440 S.W.3d at 296. We overrule Regina's third issue.

## COLLATERAL ESTOPPEL

In her first issue, Regina contends that the trial court erred by granting Douglas's motion for summary judgment. In her second issue, she contends that Douglas's summary judgment motion could not have been granted on the grounds of res judicata or collateral estoppel. She asserts that, under Alaska law, a spousal tort cannot be asserted and pursued in a suit for the dissolution of the couple's marriage, therefore, it was not litigated in the divorce proceeding. We will consider these two issues together.

**Standard of Review**

We review the trial court's grant of a traditional summary judgment de novo. *Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015). The standards for reviewing a motion for summary judgment are as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

***Nixon v. Mr. Prop. Mgmt. Co.***, 690 S.W.2d 546, 548-49 (Tex. 1985).

A defendant moving for summary judgment on an affirmative defense must prove each element of its defense as a matter of law, leaving no issues of material fact. ***Garza v. Exel Logistics, Inc***., 161 S.W.3d 473, 475 n.10 (Tex. 2005). When, as here, the trial court's order granting summary judgment does not specify which of the grounds it relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious. *See* ***Wasson Interests, Ltd. v. City of Jacksonville***, 489 S.W.3d 427, 439 n.11 (Tex. 2016).

## Applicable Law

The doctrine of collateral estoppel precludes relitigation of ultimate issues of fact actually litigated and essential to the judgment in a prior suit. ***Getty Oil Co. v. Ins. Co. of N. Am***., 845 S.W.2d 794, 801 (Tex. 1992). A party seeking to assert the bar of collateral estoppel must establish that: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. ***Sysco Food Servs., Inc. v. Trapnell***, 890 S.W.2d 796, 801 (Tex. 1994). The doctrine of collateral estoppel or issue preclusion is designed to promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding the relitigation of issues. ***Id***.

Civil battery is intentionally, knowingly, or recklessly causing bodily injury to another. *See* ***City of Watauga v. Gordon***, 434 S.W.3d 586, 590 (Tex. 2014). Civil assault is intentionally or knowingly threatening another with imminent bodily injury. *See* ***id***.

## Alaska Law

Regina contends that neither res judicata nor collateral estoppel applies here because Alaska law does not allow a spousal tort to be asserted and pursued in a suit for the dissolution of a marriage. Regina makes this contention based upon the 1990 Alaska Supreme Court case of ***Nelson v. Jones***, 787 P.2d 1031 (Alaska 1990). That case involved the question of whether the Alaska rules of procedure required interspousal torts to be litigated in a divorce proceeding. ***Id***. at 1034. The Supreme Court of Alaska concluded that, under the rules of procedure in Alaska, it

6

would be inappropriate to require tort actions between married persons to be litigated in the divorce proceeding. *Id*. In reaching this holding, the Alaska Supreme Court followed the analysis of a Wisconsin Court of Appeals opinion which held that, "[a]lthough joinder is permissible, the administration of justice is better served by keeping tort and divorce actions separate." *Id*. (quoting *Stuart v. Stuart*, 143 Wis.2d 347, 421 N.W.2d 505 (1988), *aff'g* 140 Wis.2d 455, 466, 410 N.W.2d 632, 638 (Ct. App. 1987)).

The Supreme Court of Alaska, nine years later, reaffirmed the *Nelson* holding in *McGee v. McGee*, 974 P.2d 983 (1999). In *McGee*, the Alaska Supreme Court explained that "we stated in *Nelson* that the principles of res judicata do not require tort claims between married persons to be litigated in their divorce proceedings, because that requirement would hinder the resolution of divorce actions." *Id*. at 993. The Alaska Supreme Court further went on to repeat the quotation from the Wisconsin court of appeals' opinion that it had relied on in *Nelson* by stating "[a]lthough joinder is permissible, the administration of justice is better served by keeping tort and divorce actions separate." *Id*. (quoting *Stuart*, 140 Wis.2d at 466, 410 N.W.2d at 638).

Further, in 2013, the Alaska Supreme Court addressed a party's argument that the joinder of tort and divorce claims was impermissible. *See Adam M. v. Christina B.*, 2013 WL 2490423 (Alaska 2013). In its unpublished opinion, the Alaska Supreme Court said, "we have never stated that joinder of tort claims in divorce actions is impermissible." *Id*. at *7. The court explained that mandatory joinder of tort claims and divorce actions fails to serve the administration of justice, while emphasizing that it was not impermissible to have tort claims adjudicated in divorce actions. *Id*. We therefore conclude from Alaskan precedent that it was permissible for Regina to litigate how the issue of Douglas's alleged assault and battery would affect her property award in their Alaska divorce proceeding.

<u>Analysis</u>

In the Alaska divorce proceedings between Regina and Douglas, the trial court specifically made findings on Regina's allegations of assault and battery. In its finding of fact number seventy-one, the trial court explained that Regina claims Douglas injured her spine through his domestic violence and she sought a court order requiring Douglas to pay her post-separation medical expenses. The court stated that "[t]here is not one shred of documentation to support the claim that Douglas injured Regina's spine during an act of domestic violence." The

court concluded that "Regina's claims are not credible." The court declined to make Douglas responsible for any of Regina's post-separation medical expenses.

The summary judgment evidence shows that Regina's allegations of assault and battery made in the Alaska divorce proceedings and the allegations made by her in the instant suit in Texas refer to the same incident. The facts surrounding the alleged assault and battery were fully and fairly litigated in the Alaska divorce proceedings. The Alaska trial court's finding that there was no causal connection between Regina's alleged spinal injuries and the alleged assault and battery was essential to its determination that Regina recover nothing for that incident in the Alaska judgment's property division. Further, Regina and Douglas were the only parties in the Alaska divorce proceeding, and they are the only parties to the Texas suit. We hold the elements of collateral estoppel are present and bar relitigation of Regina's claim for assault and battery in Texas. *See Sysco Food Servs., Inc*., 890 S.W.2d at 801. Douglas proved the affirmative defense of collateral estoppel, showing entitlement to summary judgment. *See Garza*, 161 S.W.3d at 475 n.10.

Having determined that the elements of collateral estoppel bar relitigation of Regina's tort claim in Texas, we do not need to consider whether res judicata, the other ground asserted in support of summary judgment, supports the judgment. *See* Tex. R. App. P. 47.1; *Wasson Interests, Ltd.*, 489 S.W.3d at 439. We overrule Regina's first and second issues.

<u>CONCLUSION</u>

Having overruled Regina's three issues, we *affirm* the judgment of the trial court.

<u>JAMES T. WORTHEN</u>
Chief Justice

Opinion delivered February 21, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 21, 2018**

**NO. 12-17-00295-CV**

**REGINA SUTTON CHENNAULT,**
Appellant
V.
**MICHAEL DOUGLAS CHENNAULT,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 16-2235-B)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **REGINA SUTTON CHENNAULT,** for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*