Charles QUELETTE and Leroy Rawson, Co-Partners d/b/a Dixieland Dance King, Plaintiffs-Appellants,

v.

Charles W. WHITTEMORE, Sr., and Charles W. Whittemore, Jr., d/b/a Executive Park, Defendants-Appellees.

Court of Appeals of Tennessee, Middle Section.

Nov. 12, 1981.

Application for Permission to Appeal Denied by Supreme Court Feb. 8, 1982.

H. Philip Sadler, Donelson, for plaintiffs-appellants.

Thomas W. Brothers, Nashville, for defendants-appellees.

OPINION

LEWIS, Judge.

In this case the Chancellor dismissed plaintiff's suit, holding that they were "barred from bringing the present action in that the basis of the present action is the same subject matter as was tried in Case Number 78–1852–III, *QUELETTE, et al, vs. WHITTEMORE, et al*, and therefore would have been the basis for a compulsory counterclaim pursuant to Rule 13.01, Tennessee Rules of Civil Procedure."

The pertinent facts are as follows:

Plaintiffs and defendants entered into a lease agreement whereby plaintiffs leased from defendants certain property located in Davidson County, Tennessee, to be used as a dance studio. The lease provided that defendants would install a certain type of flooring which could be used as a dance floor by plaintiffs and their patrons. Defendants employed Wright's Tile and Linoleum Company, Inc. to install the flooring.

In the first suit plaintiffs alleged that the flooring became loose, unstable, and unfit for their business; that defendants were notified of the defects but failed and refused to remedy them; that because of defendants' failure to repair, defendants breached the lease and plaintiffs were forced to vacate the premises; and that they were damaged because of defendants' breach.

Defendants filed an answer to plaintiffs' complaint and a counterclaim against plaintiffs for rent. Defendants then filed a third-party complaint against Wright's Tile and Linoleum Company, Inc. for indemnification in the event plaintiffs were successful against them.

The case came on to be heard before the Chancellor without the intervention of a jury on April 17, 1980. During the course of the trial and following an adverse ruling by the Chancellor in regard to the introduction of certain evidence, plaintiffs voluntarily dismissed their suit pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure.

Rule 41.01, with certain exceptions which are not applicable here, gives a plaintiff an absolute right to dismiss the lawsuit. The trial court has no discretion in whether to allow or disallow the voluntary dismissal. *See Rickets v. Sexton*, 533 S.W.2d 293 (Tenn.1976).

Here, plaintiffs exercised their right and dismissed their lawsuit. Defendants then voluntarily dismissed their suit against Wright's Tile but elected, pursuant to Rule 41.01, TRCP, to proceed on their counterclaim.

After an evidentiary hearing the Chancellor held that defendants were not entitled to recover rent from plaintiffs and dismissed the counterclaim.

Subsequently, plaintiffs filed their complaint in the instant case which is almost identical to that in the first case.

Rule 13.01, TRCP, provides as follows:

*Compulsory Counterclaims.*—A pleading shall state as a counterclaim any claim, other than a tort claim, which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that a claim need not be stated as a counterclaim if at the time the action was commenced the claim was the subject of another pending action. This rule shall not be construed as requiring a counterclaim to be filed in any court whose jurisdiction is limited either as to subject matter or as to monetary amount so as to be unable to entertain such counterclaim.

Judge Matherne, writing for the Court in *Sears, Roebuck & Co. v. U. S. Fidelity and Guaranty Co.*, Tenn.App. (filed February 17, 1981, at Jackson), stated:

Compulsory counterclaims are required under Rule 13.01, Tennessee Rules of Civil Procedure. As stated in the Committee Comment, that rule requires that a party who has a claim, other than a tort claim, which arose out of the same transaction or occurrence as the claim of the opposing party, assert his claim by way of counterclaim. This rule is mandatory, and the failure to file such a counterclaim bars any subsequent lawsuit based upon that claim.

*Id.* at 3.

There is no question that had defendants been the original plaintiffs, that is, if they had brought their suit for rent against plaintiffs originally, plaintiffs here would have had to file their claim for damages as a compulsory counterclaim or would have been barred from thereafter asserting the claim.

The question therefore presented to us is whether, when defendants in the original suit elected to proceed on their counterclaim after plaintiffs voluntarily dismissed their suit, it was necessary that plaintiffs' "nonsuited" claim be asserted by way of counterclaim. We are of the opinion that plaintiffs here were required to assert as a compulsory counterclaim their claim against defendants when defendants elected to proceed on their counterclaim.

Rule 13, Tennessee Rules of Civil Procedure, is closely akin to Rule 13 of the Federal Rules of Civil Procedure. The purpose of both Rule 13(a), FRCP, and Rule 13.01, TRCP, are similar. Counterclaims serve "to avoid circuity of action, multiplicity of suits, inconvenience, expense, unwarranted consumption of the court's time, and injustice." 20 Am.Jur.2d Counterclaim § 14 (1965).

"The purpose of the compulsory counterclaim rule is to insure that only one judicial proceeding be required to settle all those matters determinable by the same facts or law, that is, to bring all logically related claims into a single litigation, thereby avoiding multiplicity of suits." *Id.* § 15.

When plaintiffs voluntarily dismissed their lawsuit, the effect was as if they had never filed suit. Plaintiffs, by electing to voluntarily dismiss their lawsuit, were cast in the position of defendants to the counterclaim asserted against them. Plaintiffs' original complaint was, by their action, dismissed and of no effect. Plaintiffs were then required to assert their counterclaim against defendants or forever be barred.

To allow plaintiffs to proceed in the instant suit would be to allow them to circumvent the sanctions of Rule 13.01 and would open the door to an emasculation of the Rule.

If plaintiffs felt they could not continue in the original suit because of the adverse evidentiary ruling, they could have moved for a separate trial. Rule 42.02, TRCP, provides that the court may, in nonjury cases, for either convenience or to avoid prejudice, order separate trials of cross-claims, counterclaims, etc.

If plaintiffs had sought a separate trial, it could have been granted by the Chancellor and, if denied, his actions in denying the separate trial could have been reviewed by the appellate courts.

The judgment of the Chancellor is affirmed with costs to plaintiffs and the cause remanded to the Chancery Court for the collection of costs and any further necessary proceedings.

TODD, P. J., M.S., concurs.

CANTRELL, J., dissents.