IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 3, 2022 Session

## LORI ALBERS ET AL. v. RICHARD POWERS

**Appeal from the Circuit Court for Rutherford County**
**No. 78219      Darrell Scarlett, Judge**

### No. M2021-00577-COA-R3-CV

This appeal requires us to consider the defense of res judicata in the context of two separate lawsuits filed by parties who were in a car accident. Following the car accident, the first lawsuit was filed and settled by agreement of the parties. An agreed judgment was entered dismissing the first lawsuit. Subsequently, the defendant from the initial lawsuit and her husband filed suit against the former plaintiff, alleging various causes of action sounding in tort. The trial court dismissed the second case, finding that all of the claims were barred by res judicata. The defendant in the initial suit and her husband—the plaintiffs in the second suit—appealed the dismissal of their lawsuit. We find that the tort claims alleged in the second suit were not compulsory counterclaims under Tenn. R. Civ. P. 13.01, and were not claims that would nullify the initial action or impair rights established in the initial action; therefore, we hold that the doctrine of res judicata does not bar those claims. The judgment of the trial court dismissing the case is reversed, and the case is remanded for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Jonathan Daniel Lawrence, Franklin, Tennessee, for the appellants, Lori Albers and Michael William Albers.

Taylor Dale Payne, Murfreesboro, Tennessee, for the appellee, Richard Powers.

Roger Kreis White, Brentwood, Tennessee, for the appellee, Allstate Property And Casualty Insurance Company.

# OPINION

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 22, 2021, Lori Albers and her husband, Michael Albers (collectively "the Alberses"), filed a lawsuit against Richard Powers alleging that on February 18, 2020, Mr. Powers "drove over the hill crest . . . at a speed significantly above the posted speed limit" and "smash[ed] the front end of his vehicle into the driver's side" of Ms. Albers's vehicle as she was initiating a turn onto Old Nashville Highway. The Alberses and Mr. Powers were residents of Rutherford County, Tennessee, and the accident occurred in Rutherford County. Ms. Albers sought compensatory and punitive damages based on theories of negligence,[1] and Mr. Albers sought damages for loss of consortium.

On March 5, 2021, Mr. Powers filed a Motion to Dismiss the Complaint, asserting that the trial court "lack[ed] subject matter jurisdiction to adjudicate the controversy" because the Alberses's suit "violate[d] the doctrine of prior suit pending" and alternatively, that the suit was "barred by the doctrine of *res judicata*." Mr. Powers asserted that, in September 2020, he filed a personal injury lawsuit against Lori Albers, Cheryl Albers, and David Albers[2] regarding the same traffic accident. He further stated that he reached a settlement agreement with the Alberses, and the trial court entered an Agreed Order of Dismissal with Prejudice on February 8, 2021, approximately two weeks before the Alberses filed suit against him.[3] Mr. Powers attached the Agreed Order of Dismissal with Prejudice to his motion, which stated, in relevant part: "IT IS THEREFORE ORDERED AND DECREED that this cause and all claims asserted in this suit by Richard Powers against Defendants, Lori Albers, Cheryl Albers and David Albers; and the unnamed Defendant, Tennessee Farmers Mutual Insurance Company, pending in Case No. 77680 are dismissed WITH PREJUDICE."

---

[1] Specifically, Ms. Albers claimed Mr. Powers "commit[ed] the following acts and/or omissions":

  a) Failed to exercise due care;
  b) Failed to maintain a proper lookout on the roadway ahead of him;
  c) Failed to exercise caution;
  d) Failed to maintain proper control of the motor vehicle he was operating;
  e) Failed to maintain a safe following distance; and
  f) Failed to see that which was there to be seen and to react reasonably under the circumstances.

She also alleged causes of action for "negligence per se" and requested compensation for "certain medical expenses related to the injuries suffered."

[2] It is unclear from the record what role Cheryl and David Albers played in the accident. Michael William Albers was not a party to the first lawsuit.

[3] The release did not address any claims that the defendants in the first suit might have against Mr. Powers.

The Alberses filed a Response in Opposition to the Motion to Dismiss alleging that their claims were preserved by Tenn. R. Civ. P. 13.01 and neither the prior suit pending doctrine nor res judicata barred their claims. Mr. Powers filed a Reply to which he attached, among other things, the executed "Full, Final and Absolute Release, with Indemnity" which stated:

> WHEREAS, RICHARD POWERS on the one hand, and LORI ALBERS, CHERYL ALBERS, DAVID ALBERS, Tennessee Farmers Mutual Insurance Company and Safe Auto Insurance Company, on the other hand, desire to fully and finally settle all claims that RICHARD POWERS has or may in the future have arising from the accident which occurred on or about February 18, 2020, and that such claims shall be forever barred in their entirety, with PREJUDICE, upon completion of this settlement[.]

On April 5, 2021, Allstate Property and Casualty Insurance Company, Mr. Powers's insurance company that provided his uninsured motorist insurance coverage policy, filed an Answer to the Alberses's complaint.

After a hearing on Mr. Powers's Motion to Dismiss, the trial court entered an order granting dismissal on April 27, 2021. The court's order found that:

> 4. The subject matter of the instant suit is identical to the subject matter of Richard Powers v. Lori Albers, Cheryl Albers, and David Albers 2020-CV-77680 in that both lawsuits arise from the same February 18, 2020, motor vehicle accident that occurred in Rutherford County.
> 5. The same parties and their privities are involved in the instant suit as were involved in Richard Powers v. Lori Albers, Cheryl Albers, and David Albers 2020-CV-77680.
> 6. The same causes of action and claims brought in the instant suit are the same causes of action and claims that were brought or could have been brought in Richard Powers v. Lori Albers, Cheryl Albers, and David Albers 2020-CV-77680 in that both suits involve tort claims arising from the same February 18, 2020, motor vehicle accident.

The court concluded that, "[t]he instant case is barred by *res judicata* and is hereby dismissed with full and final prejudice." The court declined to award attorney's fees.

The Alberses appeal, arguing that the trial court erred when it applied the doctrine of res judicata to dismiss their cause of action against Mr. Powers. For his part, Mr. Powers requests us to consider whether a transcript or statement of the evidence was necessary for

the review of the appeal and whether the appeal is frivolous such that an award of attorney's fees is warranted.[4]

STANDARD OF REVIEW[5]

---

[4] Allstate Property and Casualty Insurance Company has filed a brief in support of the Alberses's legal position and asserts that "[t]he Trial Court's Order of dismissal should be reversed with the Albers[es]'[s] tort action against Mr. Powers reinstated."

[5] We feel compelled to acknowledge that, as a general matter, res judicata is an affirmative defense that must be included in an answer. Tenn. R. Civ. P. 8.03. However, our Supreme Court has determined that res judicata may be raised in a Tenn. R. Civ. P. 12.02(6) motion to dismiss under certain circumstances:

> For a Tenn. R. Civ. P. 12.02(6) motion to be used as a vehicle to assert an affirmative defense, the applicability of the defense must "clearly and unequivocally appear[ ] on the face of the complaint." In other words, the plaintiff's own allegations in the complaint must show that an affirmative defense exists and that this defense legally defeats the claim for relief.

*Jackson v. Smith*, 387 S.W.3d 486, 491-92 (Tenn. 2012) (internal citations omitted). Neither party raises or acknowledges that the defendant asserted the defense of res judicata in a motion to dismiss rather than in an answer; likewise, neither party points out that trial court considered materials outside the pleadings in rendering its decision on Mr. Powers's motion to dismiss. Generally, "[i]f matters outside the pleadings are presented in conjunction with a [Rule 12 motion] . . . and the trial court does not exclude those matters, the court must treat such motions as motions for summary judgment . . . ." *Patton v. Est. of Upchurch*, 242 S.W.3d 781, 786 (Tenn. Ct. App. 2007). However, under certain circumstances, materials other than the pleadings may be reviewed by the trial court without converting the motion to one for summary judgment. In *Indiana State District Council of Laborers v. Brukardt*, this Court noted:

> Numerous cases . . . have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; these items may be considered . . . without converting the motion into one for summary judgment.

No. M2007-02271-COA-R3-CV, 2009 WL 426237, at *8 (Tenn. Ct. App. Feb. 19, 2009) (quoting Wright and Miller, *Federal Practice and Procedure*, Civil § 1357, p. 376 (3d ed. 2004)); *see also* Tenn. R. Civ. P. 10.03 ("Whenever a claim or defense is founded upon a written instrument other than a policy of insurance, a copy of such instrument or the pertinent parts thereof shall be attached to the pleading as an exhibit. . . ."). Here, because neither party has argued that the trial court erred in considering the motion to dismiss or that the proffered exhibits should have converted the motion to one for summary judgment, we decline to engage in the purely academic quest to determine whether the motion to dismiss was proper in the first instance or whether the motion to dismiss should have ultimately been considered as one for summary judgment. *See* TENN. R. APP. P. 13(b) ("Review generally will extend only to those issues presented for review."); *Sneed v. Bd. of Prof'l Resp.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her . . . ."); *Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011) ("[T]his Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed.").

This appeal requires us to construe Tenn. R. Civ. P. 13.01 and consider its interplay with the doctrine of res judicata. The interpretation of a rule of civil procedure and the determination of whether a claim is barred by the doctrine of res judicata are questions of law, which we review de novo with no presumption of correctness. *Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013); *In re Est. of Goza*, 397 S.W.3d 564, 566 (Tenn. Ct. App. 2012). When interpreting rules of civil procedure, we are guided by the rules of statutory construction, keeping in mind that "[o]ur duty is to enforce the rule as written." *Fair*, 418 S.W.3d at 544 (citing *Waldschmidt v. Reassure Am. Life Ins. Co.*, 271 S.W.3d 173, 176 (Tenn. 2008)).

ANALYSIS

I.    Lack of a Transcript or Statement of the Evidence

Before considering the merits of the appeal, we first consider Mr. Powers's assertion that we cannot undertake a proper review of this case without a transcript of evidence or statement of evidence provided in accordance with Tenn. R. App. P. 24. Generally, "in the absence of a transcript or statement of the evidence, there is a conclusive presumption that there was sufficient evidence before the Trial Court to support its judgment." *Outdoor Mgmt. LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007). However, in cases where a transcript is not present, we may examine "those issues where appellate review is not hindered by the absence of a transcript or statement of the evidence." *Am. Express Centurion Bank v. Lowrey*, No. E2011-01247-COA-R3-CV, 2013 WL 937831, at *4 (Tenn. Ct. App. Mar. 11, 2013). In those circumstances, "we are limited to addressing those issues [that] raise pure questions of law, as well as any issues challenging the trial judge's application of the law to the facts *as stated by the judge himself* in his memorandum opinions." *Gross v. McKenna*, No. E2005-02488-COA-R3-CV, 2007 WL 3171155, at *3 (Tenn. Ct. App. Oct. 30, 2007). Here, we are asked to consider a relatively narrow legal issue regarding the application of a rule of civil procedure and the doctrine of res judicata. Therefore, even without a transcript or statement of the evidence, we can proceed to address the merits of the purely legal issue raised in this appeal. *See id.*

II.    Counterclaims and Res Judicata

To resolve this appeal, we must determine whether the Alberses's tort claims, which could have been asserted as counterclaims in the first proceeding between Mr. Powers and Ms. Albers, are subject to the doctrine of res judicata. "The doctrine of res judicata, also referred to as claim preclusion, bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009). Res judicata is a "'rule of rest,'" that "promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012)

- 5 -

(quoting *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976) (other citations omitted)). The party asserting a defense predicated on res judicata must demonstrate: "(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Id.* (citing *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998)). In its most simplistic application, res judicata prevents plaintiffs "from fragmenting their accrued claims by litigating part of them to a final judgment and then filing a second suit against the same defendant on alternate claims or theories." *Lowe v. First City Bank of Rutherford Cty.*, No. 01-A-01-9305-CV-00205, 1994 WL 570082, at *3 (Tenn. Ct. App. Oct. 19, 1994). In this case, as in *Lowe*, we must consider whether res judicata applies to a "less straightforward" set of circumstances involving a defendant's counterclaims. *Id.* Specifically, we consider were the Alberses are precluded from recovering on claims that sound in tort that could have been asserted as counterclaims in the first suit.

This Court confronted a somewhat similar scenario in *Lowe*; thus we will examine *Lowe* and extrapolate what we can from that precedent. In *Lowe*, First City Bank of Rutherford County ("the bank") filed suit against the Lowes seeking payment of a note that was in default. *Id.* at *1. The Lowes eventually settled the lawsuit with the bank, and the trial court entered agreed judgment in favor of the bank. *Id.* Later, the Lowes, who had been defendants in the prior suit, filed suit against the bank, alleging, in part, that the bank wrongfully filed notices of liens lis pendens on their real property and engaged in "outrageous conduct." *Id.* at *2. The trial court determined that the doctrine of res judicata and collateral estoppel prevented the Lowes from asserting their claims against the bank. *Id.* On appeal, this Court considered the application of res judicata to the counterclaims that the Lowes could have asserted against the bank in the prior suit and noted that res judicata "does not necessarily have the same broad preclusive effect with regard to counterclaims that could have been asserted in an earlier proceeding. *It applies only to compulsory counterclaims.*"[6] *Id.* at *3 (citing *Hixson v. Hixson*, No. 03-A01-9308-CV-00289, 1994 WL 76865 (Tenn. Ct. App. Mar. 8, 1994)) (emphasis added); *see also Crain v. CRST Van Expedited, Inc.*, 360 S.W.3d 374, 379 (Tenn. Ct. App. 2011) (observing that "if a party fails to file a counterclaim, other than those excluded by the [Tenn. R. Civ. P. 13.01] itself, in response to a pleading in accordance with Rule 13.01 and the controversy

---

[6] Courts from other jurisdictions have similarly held that permissive counterclaims are not always barred by res judicata. *See In re Tariff Filing of Cent. Vt. Pub. Serv. Corp.*, 769 A.2d 668, 673 (Vt. 2001) ("For example, res judicata applies to both affirmative defenses that could have been raised before, . . . and compulsory counterclaims that should have been raised before, but not to permissive counterclaims."); *G.A.W., III v. D.M.W.*, 596 N.W.2d 284, 288 (Minn. Ct. App. 1999) ("There is no res judicata sanction for not raising a permissive counterclaim. The very nature of a permissive counterclaim is that although it may be properly triable in the pending action, it may also be reserved and made the subject of a separate action filed contemporaneously or at a later date.").

results in a final judgment, then that party would be precluded from filing suit on that claim").

The *Lowe* court then proceeded to analyze Tenn. R. Civ. P. 13.01 to determine whether the Lowes' tort claim was a compulsory counterclaim in the prior action. Tennessee Rule of Civil Procedure 13.01 states as follows:

> A pleading shall state as a counterclaim any claim, *other than a tort claim*, which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that a claim need not be stated as a counterclaim if at the time the action was commenced the claim was the subject of another pending action. This rule shall not be construed as requiring a counterclaim to be filed in any court whose jurisdiction is limited either as to subject matter or as to monetary amount so as to be unable to entertain such counterclaim.

(emphasis added).[7] The *Lowe* court determined that the Lowes' claim against the bank was not a compulsory counterclaim under Tenn. R. Civ. P. 13.01 for two reasons:  1) "it is a tort claim which is explicitly excluded from the operation of Tenn. R. Civ. P. 13.01" and 2) it did not "arise out of the same transaction or occurrence as the bank's suit." *Lowe*, 1994 WL 570082, at *4; *see also Old Hickory Eng'g & Mach. Co. v. Henry*, No. 01-A-019106CV00216, 1991 WL 214714, at *2 (Tenn. Ct. App. Oct. 25, 1991) ("Claims arising out of tort are not compulsory counterclaims.").

The *Lowe* Court also cited and considered the application of Restatement (Second) of Judgments § 22 to the Lowes' claims:

---

[7]  The Advisory Commission Comment to Tenn. R. Civ. P. 13.01 states:

> Rule 13.01 requires that a party who has a claim, other than a tort claim, which arose out of the same transaction or occurrence as the claim of the opposing party, assert the claim by way of counterclaim. Multiplicity of suits is avoided by requiring all matured claims arising between the parties out of the same transaction or occurrence to be settled in a single proceeding. Exceptions are made to protect a party against injustice. The exception of tort actions from this Rule was made because these Rules do not affect the law of venue; in tort actions, a claimant may have a legitimate choice of venue among several counties. So long as the venue laws permit such choice, the Committee felt that injustice could result from making tort claims subject to this Rule.

We note that there is not a dispute about venue in this case; Rutherford County is the only jurisdiction where venue lies.

(1) Where the defendant may interpose a claim as a counterclaim but he fails to do so, he is not thereby precluded from subsequently maintaining an action on that claim, except as stated in Subsection (2).

(2) A defendant who may interpose a claim as a counterclaim in an action but fails to do so is precluded, after the rendition of judgment in that action, from maintaining an action on the claim if:

> (a) The counterclaim is required to be interposed by a compulsory counterclaim statute or rule of court, or
>
> (b) The relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action.

*Lowe*, 1994 WL 570082, at *4 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 22 (1980)). The *Lowe* court focused on section 2(b) and determined that "[p]ermitting the Lowes to pursue their claim . . . will not impair the bank's . . . judgment on the note." *Id*. Therefore, because the Lowes' claims were not compulsory counterclaims in the prior action and because bringing the claims in a subsequent action did not nullify the prior judgment or impair rights established in the prior action, res judicata did not bar the Lowes' claim. *Id.* The *Lowe* court ultimately vacated the order dismissing the Lowes' claims and remanded the case. *Id.* at *5.

Because Tenn. R. Civ. P. 13.01 is "closely akin" to Fed. R. Civ. P. 13(a), the decisions of federal courts construing Fed. R. Civ. P. 13 can also guide us in our interpretation and application of Tenn. R. Civ. P. 13.01. *Quelette v. Whittemore*, 627 S.W.2d 681, 682 (Tenn. Ct. App. 1981).[8] To that end, we have found *RyMed Technologies, Inc. v. ICU Medical, Inc.*, helpful in understanding whether the failure to file a permissive counterclaim in a previous action bars raising it in a later action:

---

[8]  As this Court has previously pointed out, and we reiterate here:

> It should be noted that Tenn. R. Civ. P. 13.01, which is very similar to Fed. R. Civ. P. 13(a), is dissimilar in one important respect, the Tennessee rule includes an exception not found in the federal rule, that is the exception pertaining to tort claims. Tenn. R. Civ. P. 13.01 reads in part, "A pleading shall state as a counterclaim any claim, other than a tort claim, which at the time of serving the pleading the pleader has against any opposing party . . . . " Fed. R. Civ .P. 13(a) reads in part, "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, . . . ."

*Suddarth v. Household Com. Fin. Servs., Inc.*, No. M2004-01664-COA-R3-CV, 2006 WL 334031, at *3 n.4 (Tenn. Ct. App. Feb. 13, 2006).

. . . [T]he "failure to interpose a counterclaim does not necessarily act as a bar to later actions." . . . There are two "exceptions" which lead to a later action being barred by res judicata: (1) compulsory counterclaims may be barred, and (2) permissive counterclaims too may be barred when "the relationship between the counterclaim and the plaintiff's claim is such that the successful prosecution of the second action would nullify the initial judgment or impair the rights established in the initial action." . . . That is, res judicata may generally bar compulsory counterclaims, but not always permissive ones; otherwise res judicata would swallow Rule 13. But if allowing a permissive counterclaim to go forward would nullify the earlier judgment or impair rights established in the earlier action, even a permissive counterclaim can be barred.

No. 3:10-01067, 2012 WL 4505896, at *8 (M.D. Tenn. Sept. 28, 2012) (quoting *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 492 (D.C. Cir. 2009)).

Applying these principles to the case at hand, we first examine whether the Alberses's causes of action against Mr. Powers are compulsory counterclaims. The Alberses's claims against Mr. Powers sound in tort[9] (e.g. causes of action based on negligence and loss of consortium); thus, pursuant to the plain language of Tenn. R. Civ. P. 13.01, the claims against Mr. Powers are not compulsory counterclaims. *Old Hickory Eng'g & Mach. Co.*, 1991 WL 214714, at *2 ("Claims arising out of tort are not compulsory counterclaims.").

Next, we consider whether, the Alberses's tort claims, should they prevail on them, "'would nullify the initial judgment or would impair rights established in the initial action.'" *Lowe*, 1994 WL 570082, at *3 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 22)). Permitting the Alberses to pursue tort claims against Mr. Powers would not nullify or impair the rights established in the initial settlement agreement. The Alberses's suit would not prevent Mr. Powers from being paid in full in accordance with the terms of the settlement agreement the parties voluntarily executed, and the Alberses's claims have no impact on the prior agreed judgment. Neither the settlement agreement nor the agreed judgment included any mention of claims the defendants might have against Mr. Powers. Thus, we conclude that res judicata does not bar the Alberses's tort claims, and we reverse the trial court's dismissal of them on that basis.

---

[9] Black's Law Dictionary defines "tort" as a "civil wrong, other than a breach of contract, for which a remedy may be obtained, usually in the form of damages." *Tort*, BLACK'S LAW DICTIONARY (11th ed. 2019).

III.     Attorney's Fees

Finally, we consider Mr. Powers's request for the attorney's fees incurred in defending this appeal pursuant to Tenn. Code Ann. § 27-1-122. Tennessee Code Annotated section 27-1-122 provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

This statute "'must be interpreted and applied strictly so as not to discourage legitimate appeals.'" *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001) (quoting *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977)). A frivolous appeal is one that "is devoid of merit or . . . has no reasonable chance of success." *Id.* (citing *Bursack v. Wilson,* 982 S.W.2d 341, 345 (Tenn. Ct. App. 1998); *Indus. Dev. Bd. v. Hancock,* 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). This appeal was not devoid of merit, baseless or frivolous; therefore, we decline to award Mr. Powers his attorney's fees on appeal.

CONCLUSION

The judgment of the trial court dismissing the Alberses's claims is reversed, and the cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed against the appellee, Richard Powers, for which execution may issue if necessary.


_/s/ *Andy D. Bennett*_____
ANDY D. BENNETT, JUDGE