IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 2, 2025

**JOSEPH CANNISTRA v. WILLIAM CHARLES BROWN**

**Appeal from the Circuit Court for Giles County**
**No. 21-CV-11950   Christopher V. Sockwell, Judge**

_____

**No. M2023-01819-COA-R3-CV**

_____

This matter involves an ongoing dispute between a landlord and a tenant in Pulaski, Tennessee. Following a detainer action in General Sessions Court over unpaid rent, the tenant, representing himself, filed the present case against the landlord, alleging numerous causes of action. The trial court dismissed all the tenant's claims against the landlord, finding that the tenant erred in failing to join his claims in the original detainer action. The tenant, still representing himself on appeal, challenged the trial court's dismissal of his claims. Due to the deficiencies in his brief, we conclude that he has waived consideration of any issues on appeal and hereby dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which THOMAS R. FRIERSON and JEFFREY USMAN, JJ., joined.

Joseph Cannistra, Pulaski, Tennessee, Pro Se.

Robert D. Massey, Pulaski, Tennessee, for the appellee, William Charles (Billy) Brown.

**OPINION**

**I. FACTS & PROCEDURAL HISTORY**

On April 19, 2021, Joseph Cannistra, representing himself, filed a complaint in the Circuit Court for Giles County, Tennessee, against William Charles Brown. Therein, Mr. Cannistra alleged that Mr. Brown failed to fulfill certain obligations as his landlord and that Mr. Brown committed perjury in a prior detainer action in Giles County General

Sessions Court.

In 2016, Mr. Cannistra and Mr. Brown entered into a landlord-tenant relationship by oral agreement.[1] In October 2020, Mr. Brown filed a detainer action against Mr. Cannistra in Giles County General Sessions Court over an alleged deficiency in lease payments. A hearing took place before the General Sessions Judge, and on April 9, 2021, the General Sessions Court entered an order ruling in favor of Mr. Brown. Mr. Cannistra appealed to the Giles County Circuit Court. Ultimately, the Circuit Court also ruled in favor of Mr. Brown, awarding him $9,800 for past due rent. Notably, in its July 2021 order, the trial court found Mr. Brown's testimony to be credible and found Mr. Brown's description of the parties' agreement to be more convincing than Mr. Cannistra's description. Mr. Cannistra appealed the Circuit Court's decision, and this Court affirmed.

Meanwhile, Mr. Cannistra filed the present case—a separate action—in the Giles County Circuit Court, as discussed above. Mr. Cannistra filed his complaint pro se, and though difficult to decipher, the Circuit Court described the claims made therein as follows:

> On April 19, 2021, the Plaintiff filed a complaint against the Defendant alleging that the Defendant committed perjury in the detainer action in front of General Sessions Judge Robert Richardson. In addition, the Plaintiff alleges fraud regarding testimony given by the Defendant in said case. In addition, the Plaintiff alleged that the Defendant refused to fulfill his obligation under the lease agreement regarding plumbing, electrical, heating, ventilating, and air conditioning systems. The Plaintiff also alleged that the Defendant failed to maintain the premises as landlord. Plaintiff further alleged defamatory statements in public regarding the Defendant. All of said actions and allegations basically were allegations of *perjury, fraud, slander, defamation of character, theft, malice, breach of contract, exploitation of the elderly, and business interruption* due to the Defendant's actions.

(emphasis added).

In response, Mr. Brown filed a motion to dismiss primarily arguing that, pursuant to Tennessee Rule of Civil Procedure 13.01, Mr. Cannistra's landlord/tenant claims were compulsory counterclaims and, therefore, should have been raised in the prior detainer action. According to Mr. Cannistra, however, his new complaint was a separate cause of action based in part on Mr. Brown's testimony and statements in General Sessions Court. The trial court agreed with Mr. Brown and entered an order granting the motion to dismiss

---

[1] For a more detailed recitation of the facts of the underlying dispute, see this Court's prior opinion in *Cannistra v. Brown*, No. M2021-00833-COA-R3-CV, 2022 WL 4461772, at *1 (Tenn. Ct. App. Sept. 26, 2022).

in November 2023. This appeal followed.

## II. DISCUSSION

### *A. Timeliness*

At the outset, we must address the issue of the timeliness of the Notice of Appeal. Mr. Cannistra initiated this matter on December 27, 2023, by filing a Notice of Appeal with the Clerk of this Court. Therein, he indicated that he was appealing the trial court's final judgment "rendered by Judge Christopher V. Sockwell, Judge of the Circuit Court on the 17th, day of November, 2023."

Generally, a notice of appeal must be filed within thirty days after the date of entry of the final judgment. *See* Tenn. R. App. P. 4. This requirement may not be waived. *Am. Steinwinter Inv. Grp. v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997). An appellate court cannot extend the time for filing a notice of appeal. Tenn. R. App. P. 2. "In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal." *Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002) (citations omitted). In fact, "[i]f the notice of appeal is not timely filed, the appellate court is required to dismiss the appeal." *Id.*

Mr. Brown argues that Mr. Cannistra's Notice of Appeal was not filed in this Court until December 27, 2023, which is inarguably more than thirty days after November 17, 2023, and therefore, the appeal must be dismissed on this ground. However, a closer look at the record on appeal reveals that the trial court's final order was not file stamped by the trial court clerk until November 22, 2023, and more importantly, the certificate of service underneath Judge Sockwell's signature line was signed by the Circuit Court Clerk on November 27, 2023.

Tennessee Rule of Civil Procedure 58 provides that an order of final disposition is "effective when . . . one of the following is marked on the face by the clerk as filed for entry":

> (1) the signatures of the judge and all parties or counsel, or
>
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
>
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

Tenn. R. Civ. P. 58. In this case, subsection (3) governs, as the trial court's final order

includes the judge's signature and a certificate of service signed by the Circuit Court Clerk. While the judge's signature was dated November 17, 2023, the Circuit Court Clerk's signature was dated November 27, 2023.

It was not until November 27, 2023, that all the requirements under Rule 58 were met to make the trial court's order "effective." Thus, our review of the record leads us to conclude that Mr. Cannistra's Notice of Appeal, which was filed on December 27, 2023, was timely filed.

### B. Briefing Requirements

We next address the content of Mr. Cannistra's appellate brief. Mr. Cannistra is representing himself on appeal as he did in the trial court. Mr. Brown argues that this Court should not reach the merits of Mr. Cannistra's appeal due to deficiencies in his *pro se* brief.

Tennessee Rule of Appellate Procedure 27 states, in pertinent part:

**(a) Brief of the Appellant.** The brief of the appellant shall contain under appropriate headings and in the order here indicated:
(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
. . .
(4) A statement of the issues presented for review;
(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
(7) An argument, which may be preceded by a summary of argument, setting forth:
(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
(8) A short conclusion, stating the precise relief sought.

Mr. Cannistra's brief wholly fails to comply with Rule 27.

The brief does not contain a table of contents, table of authorities, statement of the

case, standard of review, or statement of any issues presented for review. The facts section of Mr. Cannistra's brief consists of seven sentences, and his brief does not contain a single citation to the record on appeal. The entire argument section of the brief states:

ARGUMENT

8. Mr. Brown brought a complaint for a DETAINER against this Appellant/Plaintiff alleging that there was rent due to him by this Appellant/Plaintiff for a building that was occupied by Mr. Cannistra.

9. Mr. Brown made false statements under oath in his sworn testimony at this DETAINER hearing.

10. After hearing the false testimony, the court awarded Mr. Brown judgment for monetary compensation which resulted in an amount of over $10,000.

11. Through the actions of Mr. Brown making false statements on the record under oath, and alleging that this Appellant/Plaintiff was a dead beet tenant, along with his conduct at the location earlier, stating that this Appellant/Plaintiff was behind in rent in a public setting, caused the reputation of this Appellant/Plaintiff to be tarnished and his reputation forever harmed.

11. This Appellant/Plaintiff sued seeking damages for tort, liable against Mr. Brown some 9 or 10 days later in Circuit Court and demanded a jury trial for compensation for the actions of Mr. Brown.

12. Mr. Browns, through his counsel, argued initially that the case be dismissed citing Quellette v. Whittemore, 627 S.W. 2nd, 681 1982, stating that the appeals court ruled that the circumstances in that trial were the same subject matter as would be in a counterclaim, and that the case be dismissed on those grounds.

13. The argument that these issues should have been the subject of a counter claim is the foundation of opposing counsels' argument.

14. What this appellant/Plaintiff's argument is, is that this DETAINER hearing was the geneses of this tort, not to rehash the original DETAINER.

In the argument section, Mr. Cannistra references one case. In closing, he references "Rule 13. Tennessee Rules of civil procedure." However, no other legal authority is cited on appeal.[2]

"[O]ur courts have routinely held that the failure to make appropriate references to the record as required by Rule 27(a)(7) constitutes a waiver of the issue." *Boswell v. Young Men's Christian Ass'n of Middle Tenn.*, No. M2018-00180-COA-R3-CV, 2019 WL 1422926, at *5 (Tenn. Ct. App. Mar. 29, 2019) (citing *Bean v. Bean*, 40 S.W.3d 52, 55

---

[2] We note that the Tennessee Rules of Civil Procedure contain Rules 13.01 to 13.09.

(Tenn. Ct. App. 2000)); *see, e.g., Duracap Asphalt Paving Co. Inc. v. City of Oak Ridge*, 574 S.W.3d 859, 871 (Tenn. Ct. App. 2018) ("Duracap's failure to provide appropriate citations [to the record] regarding this matter results in a waiver of the issue."). Rule 6 of the Rules of the Court of Appeals of Tennessee provides,

> (a) Written argument in regard to each issue on appeal shall contain:
> (1) A statement by the appellant *of the alleged erroneous action of the trial court* which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, *with citation to the record* where the erroneous or corrective action is recorded.
> (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
> (3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
> (4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.
> (b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(a)-(b) (emphasis added).

Moreover, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Pro. Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010); *see also Lacy v. Big Lots Stores, Inc.*, No. M2019-00419-COA-R3-CV, 2023 WL 163974, at *3 (Tenn. Ct. App. Jan. 12, 2023) ("Generally, when a party fails to cite to relevant authority, we consider that issue waived."); *Berry v. City of Memphis*, No. W2014-01236-COA-R3-CV, 2015 WL 1650763, at *4 (Tenn. Ct. App. Apr. 13, 2015) ("Our courts have repeatedly held that the failure to cite to relevant legal authority to support an argument may result in a waiver of the argument on appeal.").

"[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." *Waters v. Farr*, 291 S.W.3d 873, 919 (Tenn. 2009) (Koch, J., concurring in part and dissenting in part). Recently, the Tennessee Supreme Court addressed this issue, with the following instruction to appellate courts:

> Appellate litigants have an obligation to file briefs that comply with

all applicable rules . . . . See Tenn. R. App. P. 27(a)(6), (7); Tenn. Ct. App. R. 6(a)(4), (b).  But this Court has repeatedly emphasized that the overall intent of the appellate rules is "to disregard technicality in form in order to determine every appellate proceeding on its merits." *Trezevant v. Trezevant*, 696 S.W.3d 527, 530 (Tenn. 2024).  "A court's construction and application of the rules should further that intent and should enhance, not impede, the search for justice." *Johnson v. Hardin*, 926 S.W.2d 236, 238-39 (Tenn. 1996).  Given "the importance of applying the Rules of Appellate Procedure to reach a just result," *Trezevant*, 696 S.W.3d at 531, Tennessee courts must reasonably exercise their discretion to excuse technical deficiencies that do not significantly impede the appellate process, *see* Tenn. R. App. P. 2 (giving appellate court discretion to suspend rules); Tenn. Ct. App. R. 1(b) (same for Court of Appeals rules).

*DiNovo v. Binkley*, 706 S.W.3d 334, 336 (Tenn. 2025).  For instance, although courts have routinely held that the failure to make appropriate references to the record as required by Rule 27 constitutes a waiver of the issue, such cases "usually involve egregious errors that prejudice the opposing party, force the court to act as a party's counsel, or otherwise significantly frustrate the court's ability to decide an appeal." *Id.* at 337.  "[C]ourts always must reasonably exercise their discretion in this context, keeping firmly in mind Tennessee's longstanding policy favoring resolution of appeals on the merits." *Id.*

"When a party fails to comply with Tenn. R. App. P. 27, this court has the authority to dismiss the appeal." *Riebsame v. Schemel*, No. E2018-01798-COA-R3-CV, 2019 WL 4667586, at *4 (Tenn. Ct. App. Sept. 24, 2019) (citing *Bean*, 40 S.W.3d at 54-55).  "We have previously held that a litigant's appeal should be dismissed . . . where there is a complete failure to cite to the record." *Commercial Bank, Inc. v. Summers*, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011).  Although our Supreme Court cautioned that "this Court should exercise its discretion to dismiss an appeal for failure to comply with Tenn. R. App. P. 27 in the case of 'egregious errors that prejudice the opposing party, force the court to act as a party's counsel, or otherwise significantly frustrate the court's ability to decide an appeal,'" we have continued to do so where the litigant's briefing "falls into this category and warrants dismissal." *See Wallace v. First Cash Inc.*, No. E2024-01096-COA-R3-CV, 2025 WL 842174, at *3 n.2 (Tenn. Ct. App. Mar. 18, 2025) (quoting *DiNovo*, 706 S.W.3d 334 (Tenn. 2025)).  Mr. Cannistra's brief falls into this category.  It contains no citations to the record and no citation to relevant legal authority to develop any more than a skeletal argument on appeal.  "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority . . . as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean*, 40 S.W.3d at 55.  "[A]n issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7)." *Trezevant*, 696 S.W.3d at 530 (quoting *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012)).  Attempting to address the merits of this appeal "would

impermissibly shift the burden of creating [the litigant's] legal argument onto this Court." *Wallace*, 2025 WL 842174, at *3.

We recognize that Mr. Cannistra has proceeded *pro se* on appeal. "Parties who decide to represent themselves are entitled to fair and equal treatment by the courts," but we cannot "excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). "All filers, including pro se filers, must comply with Rule 27's basic requirements." *Thomas v. Bank of Am., N.A.*, No. M2015-01849-COA-R3-CV, 2017 WL 2859813, at *3 (Tenn. Ct. App. July 5, 2017) (citing *Murray v. Miracle*, 457 S.W.3d 399, 404 (Tenn. Ct. App. 2014)).

### III. CONCLUSION

For the foregoing reasons, this appeal is dismissed. Costs of this appeal are taxed to the appellant, Joseph Cannistra, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE